IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

    Plaintiff,

                                          Civil Action No.: 5:20-mc-00009

v.

MAGNATE, LLC,

    Respondent.

## AMENDED MOTION TO DISMISS

Magnate, LLC, by counsel, files this amended motion to dismiss, and in support thereof states:

1. The lien is for compensation resulting from a Response Action by EPA that was without due process.

2. Under CERCLA, Magnate was found to be liable and the responsible party based solely upon ownership of the property without any consideration as to the actual responsibility.

3. Under CERCLA, Magnate should have not been presumed liable before any evidence was considered.

4. To date, EPA has not determined the cause of the contamination.

5. Without a determination of the cause, there can be no determination of responsibility.

6. The perfecting of this lien results in the taking of property in violation of the Fifth Amendment to the Constitution unless there is due process. To date, there has been none.

7. The following is the procedure that the law uses to assure due process in determining the Potentially Responsible Parties.

   a. Early in the cleanup process, EPA conducts a search to find all of the potentially responsible parties (PRPs). EPA looks for evidence to determine liability by matching wastes found at the site with parties that may have contributed wastes to the site. EPA uses many approaches to do this research, including:
      - Reviewing documents,
      - Site investigation and sampling,
      - Interviews,
      - Using "information request letters" to gather information,
      - Title searches, and
      - Research on the internet and at libraries, courthouses, and state offices.

   b. In addition to identifying PRPs, EPA tries to determine early on:
      - The nature of a party's involvement (e.g., owner, generator),
      - A party's potential defenses (e.g., 3rd party defense),
      - Any applicable exemptions or exclusions,
      - The amount of waste a party contributed, and
      - Whether the party can pay only very little or nothing at all toward the cleanup.

8. None of the above elements in the determination of the PRPs (and proportionment), with the exception of Title search, were used in making that determination in this case.

9. When Magnate, LLC, saw that predetermination of liability was imminent, Magnate called for a meeting of all the PRPs and all the entities that oversaw the previous abatement that should have cured the contamination.

10. The meeting was scheduled for 3:00 p.m. on-site on October 11, 2017. That meeting was canceled in favor of an off-site meeting 30 miles away from the scene at 11:00 a.m. on the same day.

11. At that meeting, the only action taken was the presentation of letters of liability.

12. The failure to exclude area # 5 and area #10 from the response and remediation action due to the limitation of the authority to do so is found in CERCLA:

> "(3) Limitations on Response.—The President shall not provide for a removal or remedial action under this section in response to a release or threat of release—
>
> (A) of a naturally occurring substance in its unaltered form, or altered solely through naturally occurring processes or phenomena, from a location where it is naturally found;
> (B) from products which are part of the structure of, and result in exposure within, residential buildings or business or community structures; or
> (C) into public or private drinking water supplies due to deterioration of the system through ordinary use.
>
> (4) Exception to Limitations.— Notwithstanding paragraph (3) of this subsection, to the extent authorized by this section, the President may respond to any release or threat of release if in the President's discretion, it constitutes a public health or environmental emergency and no other person with the authority and capability to respond to the emergency will do."

13. Both Areas # 5 and #10 were inside of buildings where the contamination was part of the structure, where the exposure was within, where there was no emergency, and where Magnate, LLC, offered to remediate and/or entomb.

WHEREFORE, as there was no preponderance of evidence as to Magnate, LLC, being the responsible party, there was no consideration of Magnate's third-party defense, and that EPA clearly exceeded their authority in Area #5 and Area #10 in taking a remediation/response action, Magnate LLC respectfully requests the dismissal of the perfection of this lien.

Respectfully submitted,

MAGNATE LLC
By counsel

*Bradley G. Pollack*
Bradley G. Pollack
Attorney at Law
Virginia State Bar No. 25290
753 South Main Street
Woodstock, VA 22664
bpollack@shentel.net
540-459-8600
540-459-8670 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May 2020, I served by electronic mail Magnate LLC's **Amended Motion to Dismiss** to:

**Sara Bugbee Winn**
United States Attorneys Office
310 First Street, S.W. Room 906
Roanoke, VA 24008
857-2254
857-2283 (fax)
sara.winn@usdoj.gov

*Bradley G. Pollack*
Bradley G. Pollack
Attorney at Law
Virginia State Bar No. 25290
753 South Main Street
Woodstock, VA 22664
bgpollack@gmail.com
540-459-8600
540-459-8670 (fax)