IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:20-mc-00009 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MAGNATE, LLC, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Pending before the court is Magnate, LLC's amended motion to dismiss the United States

Environmental Protection Agency's (EPA) real property lien created pursuant to the

Comprehensive Environment Response, Compensation, and Liability Act of 1989 (CERCLA),

42 U.S.C. § 9607(l).  (Def.'s Am. Mot. to Dismiss, Dkt. No. 11, 5:20-mc-9.)  The lien arose from

the EPA's investigation and cleanup of hazardous materials, including asbestos and

polychlorinated biphenyls (PCBs), located on property owned by Magnate.  (Pl.'s Resp. 1, Dkt.

No. 15, 5:20-mc-9.)  The matter has been fully briefed; the court finds no hearing is required;

and the matter is ripe for resolution.  For the reasons stated below, the court will deny Magnate's

motion to dismiss.

**I.  BACKGROUND**

On October 11, 2018, in a separate case, the United States filed suit against Magnate

pursuant to Section 104(e)(5) of CERLCA, 42 U.S.C. § 9604(e)(5), seeking access to six parcels

of land ("the site") owned by Magnate in order to remove hazardous substances.  (Compl. 1, Dkt.

No. 1, 5:18-cv-127.)  The site is comprised of approximately 30 acres of land located near 523

Aileen Road in Edinburg, Virginia.  (Stipulation & Order 1, Dkt. No. 24, 5:18-cv-127.)  On

1

February 12, 2019, following briefing on the issue, the parties agreed to a Stipulation and Order in Aid of Access which allowed the EPA to enter the property for cleanup of the hazardous substances.  (*Id.*)  On June 21, 2019, the EPA filed notice that it had completed the on-site cleanup.  (Notice of Completion of On-Site Work, Dkt. No. 25, 5:18-cv-127.)

On July 1, 2019, the EPA sent a letter to Magnate providing notification of EPA's intent to perfect a federal superfund lien on two parcels of land at the cleanup site, identified as Shenandoah County parcel numbers 07101001B and 0701001G ("the property").  (Pl.'s Ex. 1 at 1, 6, Dkt. No. 15-1, 5:20-mc-9.)  The letter also stated that Magnate could object to the basis for the lien by submitting relevant documents or requesting a meeting with a neutral EPA official.  (*Id.* at 4.)   On July 28, 2019, Magnate requested a meeting with the EPA.  (Pl.'s Ex. 2 at 2, Dkt. No. 15-2, 5:20-mc-9.)  On December 12, 2019, the EPA held a meeting with Magnate in accordance with its guidance governing CERCLA lien proceedings.  (*Id.* at 3.)  A Regional Judicial Officer (RJO) presided over the meeting, and both Magnate and the EPA, each represented by counsel, presented arguments concerning EPA's perfection of the lien on the property.  (*Id.*)  During the lien proceeding, Magnate asserted, among other claims, that it was denied due process by the EPA.  (*Id.* at 4.)  On February 12, 2020, the RJO issued a Recommended Decision, finding "that the EPA has a reasonable basis in law and fact to conclude that the statutory elements for perfecting a lien under CERCLA Section 107(l), 42 U.S.C. § 9607(l), have been satisfied . . . ."  (*Id.* at 3.)  The RJO also concluded that the agency proceeding complied with the due process requirements as set out in EPA guidance and *Reardon v. United States*, 947 F.2d 1509 (1st Cir. 1991).  (*Id.* at 4.)

On March 6, 2020, the EPA filed notice of the lien on Magnate's property with this court. (Notice of Lien, Dkt. No. 1, 5:20-mc-9.)  On March 10, 2020, Magnate filed a pro se motion to

dismiss the lien, but the motion was improper because Magnate was not represented by counsel. (Def.'s Mot. to Dismiss, Dkt. No. 2, 5:20-mc-9.)  On May 23, 2020, now represented by counsel, Magnate filed an amended motion to dismiss.  (Def.'s Am. Mot. to Dismiss.)  Magnate argues that it is not a party responsible for the cleanup costs, that the EPA denied Magnate due process in determining it is a potentially responsible party, and that perfection of the lien would violate the Takings Clause of the Fifth Amendment of the United States Constitution.  (*Id.* at 2.) Magnate also argues that the EPA exceeded its authority under CERCLA when it performed cleanup in certain buildings on the property where there was no emergency and Magnate offered to remediate the hazardous substances.  (*Id.* at 3.)  Notably, the amended motion contains no cites to any law and was not accompanied by a brief.  On June 11, 2020, the EPA filed a response objecting to Magnate's motion.  (Pl.'s Resp.)  The EPA argues that Magnate's motion is procedurally improper, Magnate was not deprived of due process, and this court lacks jurisdiction to review a challenge to EPA's lien.  (*Id.*)

## II.  DISCUSSION

A defendant may move to dismiss an action or any claim against them "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).  For example, a defendant may move to dismiss a claim against it for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, or failure to join a party under Rule 19.  Fed. R. Civ. P. 12(b)(1)–(7).  Generally, such a dismissal operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b) (excluding dismissals based on lack of jurisdiction, improper venue, and failure to join a Rule 19 party).

Here, the EPA has not filed a claim against Magnate.  Rather, the EPA has filed only a

notice of a federal superfund lien.  Because there is no claim for the court to adjudicate, there is no claim for the court to dismiss.

In addition, the EPA's notice of the lien does not violate a federal rule of civil procedure or an order of this court.  On the contrary, the notice complies with the statutory requirement that "notice shall be filed in the office of the clerk of the United States district court for the district in which the real property is located" "[i]f the State has not by law designated one office for the receipt of such notices of liens." 42 U.S.C. § 9607(l)(3).  "Here, out of an abundance of caution, EPA filed notice with both the state office designated for receipt of such notices and the federal court in the jurisdiction in which the property subject to the lien is located."  (Pl.'s Resp. at 3–4.) Therefore, Magnate's challenge to the notice of lien framed as a motion to dismiss is procedurally invalid, and the court will deny the motion.

### III.  CONCLUSION

For the aforementioned reasons, the court will enter an order denying Magnate's motions to dismiss (Dkt. Nos. 2, 11).

Entered: November 2, 2020.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge

4